IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| TILO'E C. WILLIAMS, | |
|---|---|
| Plaintiff, | 8:16CV60 |
| vs. | MEMORANDUM AND ORDER |
| CAROLYN W. COLVIN, Commissioner of Social Security; | |
| Defendant. | |

This matter is before the court on the plaintiff's motion for attorney fees. Filing No. 23. Plaintiff requests attorney fees pursuant to the Social Security Act, 42 U.S.C. § 406(b). On October 6, 2016, this court reversed the Commissioner's denial of the plaintiff's disability insurance benefits and awarded benefits. Filing No. 18 and Filing No. 19. Following this court's judgment, the plaintiff filed a motion for attorney fees under the Equal Access to Justice Act ("EAJA"). Filing No. 20. This court granted the motion, awarding a total of $3,546.80 in attorney fees under the EAJA. Filing No. 22. Plaintiff now seeks attorney fees under 42 U.S.C. § 406(b), for $1,520.00 for representation before this court. Counsel notes that the combined $1,520.00 for representation before the court and $4,110.00 for representation before the Social Security Administration totals $5,631.00 or 25% of plaintiff's back award. Plaintiff's total past-due benefits amounted to $22,525.58. *See* Filing No. 23 at paragraphs 5, 7; Filing No. 23-2 at 1. Counsel also notes that the requested $1,520.00 is far less than the EAJA fee already approved by this court.

Following a successful claim under the Social Security Act, the court may award a reasonable fee to attorneys for representing the claimant. A reasonable fee cannot exceed 25% of the past-due Social Security benefits owed to the claimant. Additionally, the fee must be paid "out of, and not in addition to," the past-due benefits. 42 U.S.C. § 406(b).

The attorney was successful in his representation of the claimant, entitling him to attorney fees under 42 U.S.C. § 406(b). The defendant does not object to the request for attorney fees, but notes the court's responsibility to assess the reasonableness of the fees. In determining reasonableness, the court takes into consideration the risk involved in taking on a contingency fee case, whether the award is a windfall for the attorneys, and whether the fee is within the 25% limit. *Gisbrecht v. Barnhart,* 535 U.S. 789 (2002); *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). The court finds the fee sought is not a windfall to the attorney who spent a total of 18.5 hours on this case. Filing No. 20, Exs.1-3. The court further finds that the plaintiff's attorney is highly skilled and experienced, and obtained a good result for his client. After careful review of the record, including the written fee agreement between plaintiff and plaintiff's attorney, the court finds the 25% award is reasonable. Plaintiff previously applied for and was awarded fees under the EAJA in the amount of $3,546.80. *See* Filing No. 22 at 2. However, because plaintiff owed a Federal debt of at least this amount, the full amount of the $3,546.80 EAJA award was offset, and plaintiff received none of the EAJA award. *See* Filing No. 23 at paragraph 4; Filing No. 23-1.

THEREFORE, IT IS ORDERED that:

1. Plaintiff's motion for attorney fees, Filing No. 23, is granted and attorney for the plaintiff is awarded $1,520.00.

2. A separate judgment will be entered in conjunction with this Memorandum and Order.

Dated this 4th day of October, 2017.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge